# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUWISA SEELY; LUANNA SEELY; and DENNIS SEELY, <br><br> Plaintiffs, <br><br> vs. <br><br> HARRAH'S RINCON CASINO, <br><br> Defendant. | CASE NO. 11 CV 0594 MMA (MDD) <br><br> **ORDER OF REMAND** |

Currently pending before the Court is Specially Appearing Defendant Harrah's Rincon Casino's motion to dismiss Plaintiffs Luwisa Seely, Luanna Seely, and Dennis Seely's complaint for property damage and loss of use. [Doc. No. 1.] Plaintiffs originally filed their complaint on January 28, 2011, in the Superior Court of the State of California, County of San Diego, North County Division. [Doc. No. 1, Exh. 1.] Plaintiffs filed a certificate of service on February 28, 2011. [*Id*.] Defendant removed the state action to this Court on March 25, 2011, purportedly on diversity and federal question grounds. [Doc. No. 1.] On March 31, 2011, Defendant filed the present motion to dismiss for lack of jurisdiction, failure to state a claim upon which relief can be granted, and failure to join a necessary and indispensable party. [Doc. No. 5.] On May 4, 2011, the Court determined the matter suitable for decision on the papers and without oral argument, and took the motion under submission pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court declines to rule on Defendant's motion and **REMANDS** this matter to state court.

## BACKGROUND

Plaintiffs' brief state complaint alleges that on or about September 25, 2008, Plaintiffs traveled to Defendant Harrah's Rincon Casino's ("Defendant" or "Harrah's Casino") principal place of business, located at 777 Harrah's Rincon Way, Valley Center, California 92082. [Doc. No. 1, Exh. 1, ¶¶1, 4.] Upon arrival, Plaintiffs left their automobile, a 1995 Mazda 626, with Defendant's valet service. [*Id*. ¶4.] Plaintiffs informed Defendant they were staying at Defendant's hotel and that Plaintiffs had left valuable personal property in the vehicle. [*Id*. ¶5.] The following morning, Plaintiff Luwisa requested that Plaintiffs' car be retrieved from the valet. [*Id.* ¶6.] At that time, Defendant's security supervisor Michael Swift indicated the car had been stolen. [*Id*.]

Plaintiffs assert damages in excess of $30,000 for loss of their vehicle and the personal property that was in the vehicle when it was stolen, as well as damages for loss of use of the vehicle from September 25, 2008 to present. [*Id* at p.3.]

## DISCUSSION

It is well-established that a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence. . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

In the removal context, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Takeda v. Northwestern Nat'l. Life Ins. Co*., 765 F.2d 815, 818 (9th Cir.1985). Defendant removed this

1 action to federal court on two grounds. First, diversity of citizenship, which requires complete
2 diversity among opposing parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C.
3 § 1332. Defendant states in its Notice of Removal that Plaintiffs are citizens of California and
4 Defendant is not a legal entity, as it is located on the reservation of the Rincon San Luiseno Band
5 of Mission Indians (the "Tribe") and owned and controlled by the Tribe. [Doc. No. 1, p.1-2.] The
6 record, however, reveals that Plaintiffs have never alleged their citizenship; Defendant's assertion
7 that Plaintiffs are residents of California is unsupported. [*See generally*, *Complaint*, Doc. No. 1,
8 Exh. 1.] Further, Defendant is physically located in California, albeit on the Tribe's reservation.
9 [*Id.* ¶1.] Without more, the Court finds Defendant's allegations insufficient to establish the parties
10 are citizens of different states.

11 In addition, the amount in controversy is not satisfied. Plaintiffs' complaint alleges they
12 are seeking $30,000 plus loss of use damages, an amount that clearly does not meet the $75,000
13 requirement under Section 1332. Although Defendant offers a demand letter from Plaintiffs, dated
14 April 28, 2009, that seeks $300,000 to settle Plaintiffs' claims, the letter is not dispositive of the
15 amount in controversy. Plaintiffs' unsupported demand for $300,000 does not convince the Court
16 the potential damages in this case will meet the $75,000 jurisdictional minimum. Moreover, the
17 demand amount is further undermined by Plaintiffs' more recent damages allegation of $30,000.
18 Accordingly, the Court finds that the amount in controversy requirement is not met. This Court
19 does not have diversity jurisdiction.

20 Second, Defendant asserts federal question jurisdiction exists because Plaintiffs' state-
21 based claims are completely preempted by the Indian Gaming Regulatory Act ("IGRA"), 25
22 U.S.C. §§ 2701 *et seq*. [Doc. No. 1, p.2-3.] This Court previously rejected the same complete
23 preemption argument in *Kersten v. Harrah's Casino-Valley Center*, 2007 U.S. Dist. LEXIS 14047
24 (S.D. Cal. Feb. 27, 2007). In *Kersten*, the plaintiff filed an action in state court for injuries arising
25 out of a slip-and-fall injury at Harrah's Casino. Defendants removed the action to federal court on
26 the ground that the plaintiff's claims were completely preempted by the IGRA. In remanding the
27 action back to state court, this Court explained, "the scope of the IGRA's complete preemption is
28 limited to any claim which would directly affect or interfere with a tribe's ability to conduct its

1 own gaming license process." *Id*. at *6 (internal marks and citation omitted). "State law claims that do not potentially infringe on a tribe's governance of gaming are not subject to complete preemption." *Id*. (collecting cases). Like the slip-and-fall claim in *Kersten*, Plaintiffs' claims here for property damage and loss of use "do not in any way affect or interfere with the Rincon Tribe's governance of gaming activities." *Id*. at *7; *see also Manoukian v. Harrah's Entertainment, Inc.*, 2011 U.S. Dist. LEXIS 38532 (S.D. Cal. Apr. 7, 2011); *Keim v. Harrah's Operating* Co., 2010 U.S. Dist. LEXIS 908 (S.D. Cal. Jan. 5, 2010). Accordingly, Defendant has not demonstrated federal question jurisdiction exists. Because Defendant has failed to adequately establish any basis for this Court's jurisdiction, the action is properly remanded to state court.[1]

## **CONCLUSION**

For the reasons discussed above, the Court hereby **REMANDS** this case to the Superior Court of the State of California, County of San Diego, North County Division. The Clerk of Court is instructed to close the case file.

**IT IS SO ORDERED.**

DATED: June 30, 2011

Hon. Michael M. Anello
United States District Judge

---

[1] The Court further notes that in the Ninth Circuit remand orders based on lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) are unreviewable on "appeal or otherwise." 28 U.S.C. § 1447(d). This precludes not only appellate review but also reconsideration by the district court. "Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988) (citations omitted).